# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| PETFEED LLC, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION NO.: |
| | ) | |
| v. | ) | |
| | ) | |
| ARK NATURALS COMPANY, | ) | |
| | ) | JURY TRIAL DEMANDED |
| Defendant. | ) | |

## COMPLAINT

Plaintiffs PETFEED LLC ("Petfeed" or "Plaintiff"), by and through its attorneys, hereby files this Complaint and alleges against Ark Naturals Company ("Ark" or "Defendant") on personal knowledge as to its own activities and on information and belief as to all other matters, as follows:

## NATURE OF THE ACTION

1. Plaintiff brings this action to protect itself from the wrongful and malicious actions of Defendant, and to seek declaratory judgment of non-infringement of Defendant's trademarks arising under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, the Lanham Act, 15 U.S.C. §§ 1052 and 1125, *et seq.*, unfair competition practices under N.J.S.A § 56:4, tortious interference with contract, tortious interference with prospective economic advantage, and unjust enrichment, as well as related claims under the statutory and common laws of the State of New Jersey.

2. Defendant, in a blatant attempt to put competitors out of business, has conducted an enforcement program by harassing and bullying businesses into submission, preventing lawful advertisement and sales of Defendant's products.

3. As discussed in more detail below, Defendant has file bogus intellectual property infringement complaints on Amazon.com ("Amazon"), in an attempt to evoke fear in the mind of Plaintiff. Defendant has demanded Plaintiff cease all sales Defendant's Dental, Grooming and Supplement Products ("Defendant's Products").

4. Despite selling lawfully purchased and genuine products, Defendant has attempted to convince Amazon that Plaintiff's sales of Defendant's Products are counterfeit and constitute trademark infringement. Such actions have put Plaintiff's Amazon Seller's Account at risk.

5. Plaintiff has thus been forced to file this action to vindicate its rights to sell lawfully acquired products on Amazon and other sites, and to seek damages for the permanent harm caused by Defendant's complaints with respect to Plaintiff's Amazon Seller's Account.

## PARTIES

6. Plaintiff is a New Jersey limited liability company with a principal place of business at 2360 Lakewood Road, Suite 3 #141, Toms River, New Jersey 08755.

7. Upon information and belief, Defendant is a Delaware corporation with a principal place of business at 5 609 E. Jackson Street, Suite 100, Tampa, Florida 33602.

## JURISDICTION AND VENUE

8. This action arises under the Declaratory Judgment Act, 28 U.S.C. § 2201 and 2202, the Trademark Laws of the United States, 15 U.S.C. § 1051 *et seq.* (the "Lanham Act"), due to Defendant's assertions of trademark infringement and likelihood of confusion against Plaintiff.

9. Subject matter jurisdiction over the claims is conferred upon this Court by 28 U.S.C. §§ 2201 and 2202 (declaratory judgment), 28 U.S.C. § 1331 (federal question jurisdiction), 15 U.S.C. § 1121(a) (trademark jurisdiction), 28 § U.S.C. 1332 (diversity jurisdiction), and 28 U.S.C. § 1367 (supplemental jurisdiction).

10. This Court also has personal jurisdiction over Defendant because, upon information and belief, Defendant has committed acts giving rise to this action within New Jersey and within this District. Defendant markets, sells, and/or offers for sale the Defendant's Products (defined *infra*) nationally, including to New York, has accused Plaintiff of infringement by directing correspondence to Plaintiff in this District, and alleging or implying, due to Plaintiff's headquarters within this District, that such alleged infringement took place within the District, and therefore, Defendant has established minimum contacts with this forum. Defendant also regularly conducts business in this forum, engages in other persistent courses of conduct and derives substantial revenue from products and/or services provided in this District and in New Jersey, demonstrating that Defendant has purposefully established substantial, continuous and systematic contacts with New Jersey.

11. The exercise of personal jurisdiction comports with Defendant's right to due process, because it has purposefully availed itself of the privilege of conducting activities nationally, including within this District, such that it should reasonably anticipate being hailed into court here.

12. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) and (c) at least because Plaintiff resides within this District, and both Plaintiff and Defendant transact business within this District. Moreover, Defendant has directed its enforcement activities at the District and a substantial part of the events giving rise to the claim occurred in this District.

## EXISTENCE OF AN ACTUAL CONTROVERSY

13. There is an actual controversy within the jurisdiction of this Court under 28 U.S.C. § 2201 and 2202.

14. Beginning on August 27, 2021 and continuing until December 16, 2021, Defendant filed a series of complaints with Amazon (the "Complaints"), alleging infringement of at least one of Defendant's trademarks ("Defendant's Marks"). A listing of these complaints is attached hereto as Exhibit A.

15. Defendant filed the Complaints knowing that Plaintiff's sales of Defendant's Products were lawful.

16. Defendant filed the Complaints knowing that Plaintiff did not sell counterfeit versions of Defendant's Products.

17. Defendant filed the Complaints knowing that Plaintiff sold genuine versions of Defendant's Products.

18. Defendant filed the Complaints knowing that Plaintiff was legally entitled to sell lawfully acquired genuine versions of Defendant's Products under the first sale doctrine.

19. Defendant's actions and numerous filings amount to abusive conduct meant to stifle lawful competition and prevent resale of genuine products.

20. Amazon maintains a complex algorithm and system for rating its Seller's Accounts and allowing their continued sales within the Amazon ecosystem and website.

21. Upon information and belief, Amazon allegations of intellectual property infringement leveled against a Seller's Account causes harm and damage to a Seller Account.

22. Upon information and belief, such harm and damage is not reversible, and a

certain number of allegations can lead to restrictions, temporary suspensions, or even permanent suspension of a Seller's Account and/or Storefront.

23. Upon information and belief, allegations of intellectual property infringement against a Seller or Storefront can only be undone, even partially, by having the complaint rescinded, or a finding of non-infringement.

24. Absent such findings, a Seller's account can be permanently damaged and inhibited, even as a result of baseless allegations.

25. Defendant's allegations have damaged Plaintiff's Seller's Account. Absent a retraction, Plaintiff's Seller's Account is at risk of being suspended.

26. Upon information and belief, even with a retraction by Defendant, Plaintiff's Seller's Account is permanently damaged.

27. On December 16, 2021, Defendant demanded that Plaintiff cease all sales and listings on Amazon.

28. Based on the foregoing, a justiciable controversy exists between Plaintiff and Defendant as to whether Plaintiff's sales constituted infringement and whether Defendant's actions constituted tortious interference and unfair competition.

29. Absent a declaration of non-infringement and a finding of tortious interference, Defendant will continue to wrongfully allege that Plaintiff infringes Defendant's Marks, and thereby cause irreparable injury and damage.

**DEFENDANTS' BAD FAITH ASSERTIONS OF THE DEFENDANT'S MARKS**

30. As discussed above, Defendant communicated with Amazon, alleging that Plaintiff's sales of genuine Defendant's Products infringe Defendant's Marks.

31. Defendant's allegations were in bad faith. At the time of making the allegations to Amazon, Defendant was aware that Plaintiff's sales did not infringe Defendant's Marks.

32. Clearly, Plaintiff's sales of the Defendant's Products did not constitute trademark infringement under the first sale doctrine. Plaintiff acquired genuine Defendant's Products from an authorized retailer, and sold them as Defendant's products. Copies of such purchases are attached hereto as Exhibits B and C.

33. At the time of making the allegations to Amazon, and through the continued non-rescission of their complaints to Amazon, Defendant was aware that the Defendant's Marks were not infringed.

34. Any allegations that Plaintiff is infringing the Defendant's Marks is objectively baseless.

35. An objectively baseless infringement claim is evidence of bad faith.

36. Moreover, Defendant knew or should have known, when it made its allegations of infringement that such claims were without merit, and thus are evidence of Defendant's bad faith.

37. At the time Defendant made the infringement allegations, Defendant was aware that it would lose any infringement lawsuit it filed against Plaintiff.

38. Upon information and belief, a complaint to Amazon does not require the factual basis for an allegation of trademark infringement.

39. Upon information and belief, the complaints filed by Defendant against Plaintiff makes it more likely that Plaintiff's Amazon Seller Account will be suspended

and/or individual listings taken down.

40. As a result of these complaints to Amazon, Plaintiff's reputation with Amazon has been damaged, and interference caused with Plaintiff's sales to existing and future customers.

### COUNT I: DECLARATION OF NON-INFRINGEMENT OF DEFENDANT'S MARKS UNDER THE LANHAM ACT

41. Plaintiff re-alleges and incorporates the allegations in each of the paragraphs in this Complaint as if fully set forth herein.

42. Upon information and belief, Defendant asserted trademark infringement allegations against Plaintiff of at least one of its registered trademark numbers 6228682, 6228681, 4120005 or 2324098 ("Defendant's Marks").

43. Plaintiff's sales of Defendant's Products do not constitute trademark infringement under the Lanham Act under the first sale doctrine.

44. Plaintiff's sale of Defendant's Products are allowed under the first sale doctrine.

45. Defendant had previously sold the Defendant's Products to an authorized distributor, who then sold such Products to Plaintiff through the stream of commerce.

46. For at least the above reasons, Plaintiff is entitled to a judgment declaring that it does not infringe, and has not infringed, the Defendant's Marks, and that its sales are lawful.

### COUNT II: DECLARATION OF NO FALSE DESIGNATION OF ORIGIN

47. Plaintiff re-alleges and incorporates the allegations in each of the preceding paragraphs as if fully set forth herein.

48. Since Plaintiff does not infringe Defendant's Marks and fails to cause a likelihood of confusion with the Defendant's Marks, Plaintiff's advertising, offering for sale, and sale of Defendant's Products does not constitute a false designation of origin.

49. Plaintiff's actions do not cause confusion, mistake, or deceive affiliation, connection or association of Defendant with Plaintiff.

50. Plaintiff's activities in advertising and sales do not attempt to profit from Defendant's reputation or goodwill.

51. Accordingly, Plaintiff is entitled to a judgment declaring that no false designation of origin exists.

### COUNT III: DECLARATION OF FEDERAL UNFAIR COMPETITION

52. Plaintiff re-alleges and incorporates the allegations of each of the paragraphs of this complaint as if fully set forth herein.

53. Plaintiff's use of Defendant's Products in commerce is unlikely to deceive consumers as to the origin, source, sponsorship, or affiliation of the products, and is unlikely to cause consumers to believe, contrary to fact, that Defendant's Products are sold, authorized, endorsed, or sponsored by anyone other than Defendant, or that Defendant is in some way affiliated with or sponsored by Plaintiff, under federal law.

54. Plaintiff's actions are unlikely to confuse or mislead customers, vendors, and the general public.

55. For at least these reasons, Plaintiff is entitled to a judgment declaring that Plaintiff does not cause unfair competition with Defendant's Asserted Marks under federal law.

## COUNT IV: DECLARATION OF NO COMMON LAW TRADEMARK INFRINGEMENT

56. Plaintiff re-alleges and incorporates the allegations in each of the paragraphs in this Complaint as if fully set forth herein.

57. For the reasons set forth above, Plaintiff does not cause a likelihood of confusion, mislead customers, or in any way infringe Defendants' Asserted Marks.

58. Accordingly, Plaintiff is entitled to a judgment declaring that there is no common law trademark infringement of Defendant's Asserted Marks.

## COUNT V: TORTIOUS INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE BY DEFENDANT

59. Plaintiffs re-alleges and incorporates the allegations in each of the preceding paragraphs as if fully set forth herein.

60. Due at least to offering its products for sale on the Amazon.com retail platform, including its sales of Defendant's Products, Plaintiff is a party to a valid contract granting rights to sell the Defendant's Products on the Amazon.com platform. Plaintiff continues to develop their economic relationship with Amazon, and intends to continue selling on the Amazon.com platform, and offering additional products for sale.

61. Plaintiff further has reasonable expectations of entering into future contracts with Amazon.

62. Defendant, due to being a seller itself on the Amazon platform, possesses full knowledge of Plaintiff's reasonable expectation of future contracts to continue selling on Amazon.

63. Such actions by Defendant were solely out of malice, and used dishonest,

unfair and improper means.

64. Such anti-monopolistic actions by Defendant were undertaken to stifle competition and maximize profit, at the expense of competition.

65. Due to Defendant's acts, Plaintiff's account with Amazon is at risk of suspension or termination. Further, Plaintiff's relationship with Amazon.com has been permanently tarnished.

66. Moreover, Plaintiff has lost sales due to Defendant's actions.

67. In fact, Defendant continues to tortiously interfere with Plaintiffs' business by refusing to retract its complaints.

68. Throughout the relevant time period, Defendant knew or should have known that the Plaintiff's sales of the Defendant's Products were lawful and not infringing the Defendant's Marks.

69. Plaintiff has suffered and will continue to suffer damages due to Defendant's tortious interference with its prospective economic advantage.

70. Plaintiff has suffered and will continue to suffer irreparable harm due to Defendant's tortious interference with its prospective economic advantage.

## COUNT VI: TRADE LIBEL

71. Plaintiff re-alleges and incorporates the allegations in each of the preceding paragraphs as if fully set forth herein.

72. Defendant knowingly, and without justification, made (and/or caused to be made) materially false representations in writing to third parties, including to Amazon, by which Defendant falsely stated that Plaintiff infringed the Defendant's Marks. Such statements are materially false.

73. Defendant's statements were false in that, among other things, Plaintiff's sales were not infringing under the first sale doctrine.

74. Defendant's materially false representations were calculated to impugn Plaintiff's business reputation and that of its products sold on the websites of e-commerce platforms, including Amazon, and to dissuade others from doing business with Plaintiff, and were calculated to otherwise interfere with Plaintiff's business relationships.

75. Defendant's materially false representations were substantial factors in inducing others, including Amazon, to not have certain business dealings with Plaintiff.

76. Defendant made (and/or caused to be made) such false communications regarding Plaintiff knowingly, intentionally, in bad faith and motivated solely by unrestrained self-interest, malice and/or disinterested malevolence, without legal or social justification.

77. Defendant's willful and intentional misconduct, without Plaintiff's knowledge or consent, irreparably injured and caused damage to Plaintiff in its business reputation.

78. As a result of Defendant's aforesaid acts and conduct, Plaintiff has been irreparably injured in its business and in its good name and character. Plaintiff's standing in its business has also been seriously impaired.

79. The false statements affected Plaintiff in its trade, business, and profession. Among other things, prior to Defendant's false statements, Plaintiff was generating substantial revenue from the sale of the Defendant's Products. However, that is no longer the case.

80. As discussed in more detail above, at the time it made the false statements to the e-commerce platforms, Defendant knew and/or should have known that such statements to Amazon.com were false or were made with reckless disregard for the truth in that Defendant knew that Plaintiff did not infringe the Defendant's Marks.

81. Defendant's statements were not mere statements of opinion.

82. Plaintiff is entitled to damages in excess of $100,000.

83. Plaintiff is entitled to an award of punitive damages in an amount sufficient to punish and deter Defendant from engaging in further knowing acts of trade libel.

**COUNT VII: NEW JERSEY STATE UNFAIR COMPETITION UNDER N.J.S.A. §56:4**

84. Plaintiff re-alleges and incorporates the allegations in each of the preceding paragraphs as if fully set forth herein.

85. Defendant's actions as set forth above constitute unfair competition in violation of N.J.S.A. §56:4.

86. Defendant's false allegations of its entitlement to trademark protections in enjoining lawful sales in commerce of Defendant's Products has caused Plaintiff substantial and irreparable injury, including to its goodwill and reputation.

87. Defendant's actions have been intentional, willful and malicious.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against Defendant as follows:

A. Adjudging that Defendant has committed acts of tortious interference with prospective economic advantage;

B. Adjudging that Plaintiff has not infringed and is not infringing, either

directly or indirectly, any of Defendant's Marks;

    C.    Ordering Defendant to rescind all complaints for intellectual property infringement filed or transmitted to Amazon related to Plaintiff and its Seller Account and/or Storefront;

    D.    Ordering Defendant to cooperate with Plaintiff in successfully removing all complaints for intellectual property infringement filed or transmitted to Amazon related to Plaintiff and its Seller Account and/or Storefront;

    E.    Awarding a permanent injunction enjoining Defendant from interfering with Plaintiff's business on Amazon.com, including, *inter alia*, enjoining Defendant from filing complaints of infringement relating to the Defendant's Products;

    F.    Award damages to be paid by Defendant adequate to compensate Plaintiff for loss of business reputation and goodwill;

    G.    Awarding Plaintiff monetary and any other damages, including punitive damages, for trade libel;

    H.    A judgment that Defendant and each of its officers, directors, agents, counsel, servants, employees, and all of persons in active concert or participation with any of them, be restrained and enjoined from alleging, representing, or otherwise stating that Plaintiff infringes any of Defendant's Marks or from instituting or initiating any action or proceeding alleging infringement of any of Defendant's Marks against Plaintiff or any customers, manufacturers, users, importers, or sellers of Plaintiff's products;

    I.    Declaring Plaintiff as the prevailing party and this case as exceptional, and awarding Plaintiffs their reasonable attorneys' fees;

  J. That Defendant be ordered to pay all fees, expenses, and costs associated with this action; and

  K. Grant Plaintiff such further relief as this Court deems just and proper under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all claims and issues so triable.

Dated: January 25, 2022
New York, New York

        By: /s/Andrew D. Bochner
           Andrew D. Bochner, Esq.
           Bochner IP, PLLC
           295 Madison Avenue, 12th Floor
           New York, New York 10017
           (646) 971-0685
           *Attorneys for Plaintiff*

## **CERTIFICATION PURSUANT TO LOCAL CIVIL RULES 11.2 and 40.1**

I hereby certify that, to the best of my knowledge, the matter in controversy is not the subject of any other action pending in any court or of any pending arbitration or administrative proceeding.

Dated:   January 25, 2022
        New York, New York                              By:   /s/Andrew D. Bochner
                                                                             Andrew D. Bochner, Esq.
                                                                             Bochner IP
                                                                             295 Madison Avenue, 12th Floor
                                                                             New York, New York 10017
                                                                             (646) 971-0685

                                                                             *Attorney(s) for Plaintiff*